**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| **Demeian Pinckney Bey,** | ) | **Case No. 2:17-cv-76-RMG-MGB** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| **Alma White, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

This is a civil action pursuant to 42 U.S.C. § 1983 by a non-prisoner litigant, who is proceeding *pro se* and *in forma pauperis*. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2) (D.S.C.), the United States Magistrate Judge is authorized to review the case initially and to submit findings and recommendations to the United States District Judge. After careful review, the Magistrate Judge recommends that the Complaint (DE# 1) be **summarily dismissed**, without prejudice, and without issuance and service of process, for the following reasons:

## I.  **The Present Lawsuit**

In his Complaint, Plaintiff indicates he is a "Moorish National Republic" (DE# 1 at 2, ¶ II.B). Plaintiff sues three defendants: (1) Alex Ziegler (Assistant Solicitor); 2) Scarlett Wilson (Solicitor); 3) and Julie Armstrong (Clerk of Court). (DE# 1). The Complaint's entire "Statement of the Case" consists of the following sentence: the Defendants "wilfully deprived me of my rights by failing to give me due process of law, violating U.S. Codes Title 18, 241-242, Treaty of Peace and Friendship, and civil rights and international violations." (DE# 1, ¶ III, "Statement of Claim").[1]

---

[1] In light of Plaintiff's deficient hand-written Complaint, the Magistrate Judge entered a Proper Form Order on January 11, 2017, ordering Plaintiff to complete and return a printed complaint form. A blank copy of the complaint form was provided to Plaintiff, but he failed to complete and submit it. Failure to comply with the Court's Proper Form Order provides an additional reason to dismiss this case.

Attached to Plaintiff's Complaint is a letter dated December 16, 2016 on the letterhead of Scarlett A. Wilson, Solicitor, Ninth Judicial District. The letter is signed by Alexander Ziegler, Assistant Solicitor, and indicates that the case "State of South Carolina vs. Damien Lamont Pinckney" has been "placed on the Guilty Plea Docket for the week of January 9, 2017." (DE# 1-1 at 1).[2] The letter instructs Plaintiff to "[p]lease call this office on the Friday before the plea week in order to determine the exact date and time you are scheduled to appear." (*Id*.). Plaintiff has written across the page in scrawling letters "Do not consent. No contract. Inducement to Fraud. Clearfield Doctrine." (*Id*.).

Also attached to the Complaint are an additional eighteen pages of irrelevant materials, including nonsensical documents that incomprehensibly refer to the Hague Convention, Uniform Commercial Code, and the "Moorish Divine and National Movement of the World." (DE# 1-1 at 2-19). For example, Plaintiff has filed his own self-styled "Judicial Notice and Proclamation." In such document, Plaintiff pledges his "National, Political, and Spiritual Allegiance to my Moabite/Moorish Nation" and asserts that he has "the internationally recognized rights to determine own 'Status of the State' absent of threat, coercion, or acquiescence to a Color-of-Law, a Color-of-Office, nor (sic) to be subjected to any imposed Color-of-Authority." (*Id*. at 13). He inaccurately refers to South Carolina as a foreign nation.

For relief, Plaintiff alleges that "the charges need to be dismissed with prejudice do (sic) to failure to produce a claim in which relief can be granted. Sending a presentment with no case

---

[2] This is apparently Plaintiff's birth name, although he attaches some documentation that he has attempted to change to the "Moorish" name "Demeian Pinckney Bey."

number which is a nonsuit.[3] I have further violation to file in the future. $10,000, (sic) per constitution (sic) violation per officer." (DE# 1 at 3, ¶ IV "Relief").

## II. Standard of Review

### A. Initial Review for Non-Prisoner IFP Complaints

Title 28 U.S.C.A. § 1915(e) governs IFP filings and provides that a district court must dismiss an action that the court finds to be frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.A. § 1915(e)(2)(B)(i-iii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* "at any time" under 28 U.S.C. §1915(e)(2)(B). *Neitzke*, 490 U.S. at 319. The statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *Id*. at 326.

As for a failure to state a claim, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although *pro se* complaints are liberally construed, a plaintiff must do more than make vague and conclusory statements to state a claim for relief. *Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994), *cert. denied*, 514 U.S. 1022 (1995). A plaintiff must allege facts that actually support a plausible claim for relief. *Iqbal*, 556 U.S. at 678.

### B. Liberal Construction for *Pro se* Filings

---

[3] Plaintiff is apparently referring to the state court's scheduling letter, which listed a case name, but did not list a case number. Plaintiff circled this and wrote "no due process." (DE# 1-1 at 1). If Plaintiff is asserting that an alleged omission from a scheduling letter amounted to a constitutional violation, his contention is without legal or factual basis and is frivolous.

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). The liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim, it should do so, but a district court may not rewrite a complaint to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## III. Discussion

### A. Sovereign Immunity

Review of the Complaint reflects multiple reasons why summary dismissal is appropriate. To the extent Plaintiff seeks monetary damages from state officials in their official capacity, such Defendants are immune from such relief under the Eleventh Amendment of the United States Constitution. Sovereign immunity protects the State itself, as well as its agencies, divisions, departments, officials, and other "arms of the State." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989) (explaining that a suit against a state official in his official capacity is "no different from a suit against the State itself"); *see also, e.g., Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996). Based on sovereign immunity, any state officials sued in their official capacities should be dismissed as parties.

### B. Failure to State a Claim

#### 1. No Private Cause of Action Under 18 U.S.C. § 241-242

Although the Complaint cites 18 U.S.C. § 241-242 (the "Enforcement Act"), Plaintiff has no private cause of action under such criminal statute.  *See United States v. McLean,* 808 F.2d 1044, 1046 (4th Cir. 1987) (discussing a criminal prosecution under such statute). Any claim based on 18 U.S.C. §§ 241-242 fails as a matter of law since that federal criminal statute does not create a private right of action. *See Davis v. Sarles*, 134 F.Supp.3d 223, 228 (D.D.C. Sept. 29, 2015) (citing *Crosby v. Catret*, 308 F.App'x 453 (D.C.Cir. 2009) (per curiam) ("there is no private right of action under these criminal statutes"). Moreover, as a private individual, Plaintiff has no authority to bring criminal charges against the Defendants. *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) ("[n]o citizen has an enforceable right to institute a criminal prosecution."); *Singleton v. Ten Unidentified U.S. Marshals,* Case No. 2:11–1811–TLW–JDA, 2011 WL 4970779 (D.S.C. Sept. 1, 2011), *adopted by* 2011 WL 5005271 (D.S.C., Oct. 19, 2011) (same).

## 2.  Frivolous Claims Based on "Moorish Nation"

If Plaintiff is attempting to assert that he is not subject to law or is personally immune from prosecution by virtue of his self-proclaimed membership in the Moorish Nation, such claims fail to state a plausible claim for relief, and in fact, are patently frivolous. *See, e.g., Bey v. Hillside Twp. Municipal Court*, 2012 WL 714575, *6 (D.N.J. March 5, 2012) ("Any claims or arguments raised by Plaintiff which are based on his membership in the Moorish American Nation are [by definition] frivolous."). It is well-recognized "that such organizations as the Moorish American Nation and [similar imaginary creations…are notorious organizations of scofflaws and ne'er-do-wells who attempt to benefit from the protections of federal and state law while simultaneously proclaiming their independence from and total lack of responsibility under those same laws." *El-Bey v. United States*, 2009 WL 1019999 (M.D.N.C. Jan. 26, 2009). Summary dismissal of any such claims is appropriate.

### 3. <u>Complaint's Allegations are Sparse and Inadequate</u>

Moreover, the allegations of Plaintiff's Complaint are sparse and inadequate to state a plausible claim. Plaintiff generally refers to violation of his constitutional rights, and therefore, this action has been liberally construed as a civil action under 42 U.S.C. § 1983. Such statute allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a § 1983 claim, a plaintiff must allege facts indicating: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). While a complaint need not expressly invoke § 1983 as the legal theory for a plaintiff's claim, the United States Supreme Court has instructed that a complaint "must plead facts sufficient to show that [a] claim has substantive plausibility." *Johnson v. City of Shelby*, 135 S.Ct. 346 (2015) (citing *Iqbal*, 556 U.S. at 676–77). The present Complaint fails to meet this minimal pleading standard.

Plaintiff has not alleged any supporting facts that might shed light on why he believes his constitutional rights have been violated. His "Statement of the Claim" is entirely conclusory. Plaintiff names two prosecutors and a clerk of court, but fails to indicate how they personally violated his constitutional rights. Plaintiff merely insists in generalized terms that the Defendants "wilfully deprived me of my rights by failing to give me due process of law" and that "the charges need to be dismissed." This is insufficient to state a claim. The United States Supreme Court has made it clear that more than conclusory statements are required to state a plausible claim. *Iqbal*, 556 U.S. at 677–79. A plaintiff must sufficiently allege specific facts that actually support a plausible claim for relief. *Id.* at 678. The present Complaint fails to do so. Plaintiff's Complaint provides <u>no</u> specific factual allegations against the three Defendants.  Although courts give "liberal

Page **6** of **11**

construction" to *pro se* pleadings, the Fourth Circuit Court of Appeals has instructed that courts should not "ignore a petitioner's clear failure to allege facts that set forth a cognizable claim." *Wilson*, 699 F.3d at 797.

The United States Supreme Court has emphasized that "[l]iability under § 1983... requires personal involvement." *Iqbal*, 556 U.S. at 676. A plaintiff must affirmatively state facts indicating that a defendant acted personally in the deprivation of his constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977); *Faltas v. South Carolina*, 2012 WL 988105 (D.S.C.), *adopted by* 2012 WL 988083 (D.S.C.), *aff'd by* 489 F.App'x 720 (4th Cir. 2012). When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See, e.g., Reaves v. Richardson*, Case No. 4:09–820–TLW–SVH, 2011 WL 2119318, *6 (D.S.C.) ("without such personal involvement, there can be no liability under section 1983"), *adopted by* 2011 WL 2112100 (D.S.C. May 27, 2011). Summary dismissal is appropriate here.

### 4.  Plaintiff may not Interfere with State Prosecution or Challenge State Conviction by Means of this §1983 Action

Although Plaintiff appears to be complaining about an unspecified pending state criminal charges against him and seeks dismissal of those charges, he may not interfere with his state criminal prosecution by means of this § 1983 action. *See Younger v. Harris*, 401 U.S. 37, 45 (1971) (holding that plaintiff was not entitled to federal court equitable relief against prosecution in state court where the injury which he faced was solely that incidental to every criminal proceeding brought lawfully and in good faith). In fact, a state record check reflects that on January 11, 2017, a bench warrant was issued for Plaintiff's "failure to appear" on the state criminal charges of

"Drugs / MDP, Narcotic drugs in Sch. I(b) & (c), LSD, and Sched. II (Cocaine)." [4] See Charleston County Court of Common Pleas Case No. 2015-A-1021-000195.[5]

In the event that Plaintiff enters a guilty plea in state court, he may not collaterally challenge such conviction in this §1983 action. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Griffin v. Baltimore Police Dept*., 804 F.3d 692, 695 (4th Cir. 2015) (reiterating that habeas corpus, not § 1983, is the exclusive federal remedy for state prisoners seeking release from confinement). A § 1983 suit for monetary damages is barred if prevailing in the action would necessarily require the plaintiff to prove the unlawfulness of his conviction *Id.* at 486-87; *Muhammad v. Close*, 540 U.S. 749, 751 (2004) ("where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence."). If Plaintiff desires to challenge a state conviction (rather than seeking monetary damages premised on frivolous theories that the state court lacks jurisdiction over him as a member of the "Moorish Nation" or that a notice letter somehow violated his rights), those allegations would have to be timely raised in a habeas petition under 28 U.S.C. § 2254 after exhaustion of state remedies. *Muhammed,* 540 U.S. at 750.

---

[4] See http://jcmsweb.charlestoncounty.org/PublicIndex/CaseDetails. Site checked February 13, 2017.  This suggests another basis to dismiss this action, namely, the "fugitive disentitlement doctrine." Courts have discretion to dismiss civil actions or criminal appeals by individuals who are fugitives from justice. *See Sarlund v. Anderson*, 205 F.3d 973, 974–76 (7th Cir. 2000) (holding that plaintiff's fugitive status warranted immediate dismissal of his civil rights action as barred by the "fugitive disentitlement" doctrine); *Taylor v. Holder*, Case No. 0:12–986–JMC–PJG, 2013 WL 1315879 (D.S.C. March 8, 2013) (same, collecting cases), *adopted by* 2013 WL 1315496 (D.S.C. Mar. 28, 2013). Here, there is sufficient nexus to invoke the doctrine, as Plaintiff is inappropriately using this § 1983 action as a "sword" against the state prosecutors in an attempt to interfere with or invalidate his pending prosecution on drug charges.

[5] State records reflect that Demeian Lamont Pinckney has past criminal drug charges and convictions See Case No. K300659 (trafficking cocaine, plead guilty 11/19/2008, sentenced to 5 years); Case No. K341360 (PWID.distributing cocaine/LSD/ other," plead guilty, sentenced to 5 years). Other drug charges were disposed of by entry of "nolle prosequi." See Case No. 2013-A-1010203443 ("Drugs/manufacture, distribution of cocaine base"); Case Nos. K300660; K341361 (two charges of distributing cocaine base in proximity to a school). See http://jcmsweb.charlestoncounty.org/PublicIndex/CaseDetails.

### C. Prosecutorial Immunity

Prosecutors (such as Solicitors and Deputy Solicitors) are immune from claims for monetary damages under § 1983 for acts taken in their prosecutorial role. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) ("[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (prosecutors have immunity for performing functions "intimately associated with the judicial phase of the criminal process"); *Nivens v. Gilchrist*, 444 F.3d 237, 249-50 (4th Cir. 2006), *cert. denied*, 539 U.S. 915 (2003). Here, Plaintiff appears to complain about a notice for court appearance for entrance of a guilty plea in state court. The Defendant Solicitors have immunity for their participation in such court proceedings, including any recommendations in Plaintiff's state case regarding a plea agreement. *See Redden v. McMaster*, Case No. 8:08-2845-CMC-BHH, 2008 WL 4458877, *3 (D.S.C. Sept. 29, 2008) (prosecutors "have absolute immunity for activities in or connected with judicial proceedings"), *aff'd by* 313 F.App'x 654 (4th Cir. Feb. 26, 2009). Thus, Plaintiff's claims against the Defendant Solicitors are subject to summary dismissal.

### D. Quasi-Judicial Immunity for Clerk of Court

Additionally, Defendant Julie Armstrong (Clerk of Court) would be entitled to quasi-judicial immunity for her judicially-related acts performed for the state court. *See, e.g., Wymore v. Green*, 245 F. App'x 780, 783 (10th Cir. 2007) (affirming grant of absolute quasi-judicial immunity to the state clerk of court for performance of judicially-related duties), *cert. denied*, 552 U.S. 1194 (2008); *Martin v. Rush*, Case No. 13–693, 2013 WL 2285948, *5 (D.S.C. May 23, 2013) (applying quasi-judicial immunity to clerk of court); *Robinson v. McBride*, Case No. 3:13–cv-352-

TLW-TER, 2013 WL 2099491, *4 (D.S.C. 2013) (same), *adopted*, 2013 WL 2099707 (D.S.C. May 14, 2013*), aff'd*, 540 F. App'x 212 (4th Cir. 2013).

County clerks of court are part of the State of South Carolina's unified judicial system. See S.C. Const. Article V, § 24; §§ 14–1–40, 14–17–10, South Carolina Code of Laws (as amended). Absolute judicial immunity extends to persons other than judges when performance of judicial acts or activities as official judicial aides are involved and is referred to as quasi-judicial immunity. *See Abebe v. Propes*, Case No. 0:11–1215–MBS–PJG, 2011 WL 2581385, *3 (D.S.C. June 3, 2011) (collecting cases), *adopted by*, 2011 WL 2600593 (D.S.C. June 29, 2011); *Taylor v. Brooks*, Case No. 3:15-cv-1138-RMG-MGB, 2015 WL 4274834 (D.S.C. July 14, 2015), *affirmed* 627 F. App'x 206, 2015 WL 9287065 (4th Cir. Dec. 22, 2015), *cert. denied*, 137 S.Ct. 183 (2016). Such immunity applies to court personnel because of the "danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts." *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993). Hence, Defendant Julie Armstrong (Clerk of Court) is entitled to quasi-judicial immunity for performing her official duties for the state court and is entitled to summary dismissal of any claims for monetary damages against her in this § 1983 action.

## IV.  Conclusion

In sum, the Complaint should be dismissed because it: 1) sues state officials protected by sovereign immunity in their official capacity; 2) cites a criminal federal statute, 18 U.S.C. § 241-242, that does not provide any private right of action; 3) asserts frivolous "Moorish Nation" grounds; 4) fails to provide any supporting facts that would state a plausible claim for violation of any constitutional right; 5) sues two Solicitors who are protected by prosecutorial immunity for their official actions as prosecutors; 6) sues a Clerk of Court who is protected by quasi-judicial

immunity for her judicially-related acts for the court; and 7) appears to seek relief that is not appropriate in this § 1983 action (i.e. dismissal of state criminal charges). As the Complaint fails to state a plausible claim for relief, asserts frivolous claims, and seeks monetary damages from defendants who are immune from such relief, the Complaint is subject to summary dismissal.

## V.  **Recommendation**

Accordingly, the Magistrate Judge recommends that the Complaint (DE# 1) should be **summarily dismissed** without prejudice, and without issuance and service of process.

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

February 13, 2017
Charleston, South Carolina

Plaintiff's attention is directed to the **Important Warning** on the following page:

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).